IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

SHERRY HUNT, et al.,

      Plaintiffs,

v.                          CIVIL ACTION NO. 1:10—00991

JOHNSON WESTERN GUNITE COMPANY,
et al.,

      Defendants.

<u>MEMORANDUM OPINION</u>

By Order entered on March 31, 2011, the court granted plaintiffs' motion to remand and remanded this case to the Circuit Court of McDowell County, West Virginia.  The reasons for that decision follow.

## I.  <u>Factual and Procedural Background</u>

This action arises from the death of Larry Dale Hunt on October 22, 2009.  According to the allegations in the Complaint, Hunt was employed by Johnson Western Gunite Company ("JWGC") and, at the time of his death, was performing excavation work as an employee of JWGC.  Complaint at ¶¶ 17, 35.  Hunt was killed when a section of the Big Sandy #3 railroad tunnel in which he was working collapsed, covering him with tons of rock and concrete. <u>Id.</u> at ¶ 17.

Hunt's work at the Big Sandy #3 Tunnel was part of the Heartland Corridor Clearance Improvement Project ("Heartland Corridor Project" or "the Project"), an undertaking by Norfolk

Southern Railway Company ("NSRC") to expand thirty railroad tunnels in order to allow larger trains to travel along the Heartland Corridor Line in Virginia, West Virginia, Kentucky, and Ohio.  Id. at ¶¶ 13-14.  NSRC hired JWGC and Johnson Western Constructors, Inc. ("JWC") to serve as general contractors on the Heartland Corridor Project.  Id. at ¶ 16.  Jacobs Associates was hired to provide geotechnical engineering services and Hatch Mott MacDonald, LLC ("HMM") was the project designer.  Id.  STV/Ralph Whitehead Associates, Inc. and STV, Inc. (collectively "STV") managed the project on behalf of NSRC and Rick Meredith, an STV employee, was the project manager and senior engineer on the Project.  Id.

     As a result of Hunt's death, his widow and the administratrix of his estate, Sherry Hunt, filed suit in the Circuit Court of McDowell County on June 29, 2010.[1]  Named as defendants were: NSRC, JWGC, JWC, Jacobs Associates, HMM, STV, Rick Meredith, and Swank Associated Companies, Inc., a contractor employed on the Heartland Corridor Project.  The Complaint alleges that all defendants were negligent and responsible for Hunt's death.  Plaintiffs seek damages for that negligence, negligent infliction of emotional distress, loss of consortium, and loss of parental consortium.  The Complaint also alleges

---

[1] Specifically, Sherry Hunt filed suit Individually, as Administratrix of the Estate of Larry Dale Hunt, and as the parent of Ashton Hunt, a minor.

deliberate intent on the part of JWGC and JWC, pursuant to West Virginia Code § 23-4-2(d)(2)(ii)(A-E).

On August 6, 2010, NSRC removed the action to this court pursuant to the court's diversity jurisdiction under Title 28 United States Code Section 1332.  In support of removal, NSRC argues that plaintiffs committed fraudulent joinder in suing Rick Meredith, the only non-diverse defendant.[2]  Plaintiffs contend that their claims against Meredith are valid and moved to remand this action and for an award of costs and attorney fees incurred as a result of defendants' removal.

## II.   <u>Standard of Review</u>

Federal district courts may exercise diversity jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.  <u>See</u> 28 U.S.C. § 1332(a)(1).  Title 28 United States Code Section 1441, known as the "removal statute," provides that a case filed in state court may be removed to federal court when it is shown by the defendant that the federal court has original jurisdiction.  <u>See</u> <u>Mulcahey v. Columbia Organic Chems. Co.</u>, 29 F.3d 148, 151 (4th Cir. 1994).  Because removal raises federalism concerns, the court must carefully scrutinize the facts to ensure

_____

[2] The Complaint alleges that both Sherry Hunt and Ashton Hunt are residents of West Virginia.  <u>Id.</u> at ¶¶ 1-2.  Rick Meredith is also alleged to be a resident of West Virginia.  <u>Id.</u> at ¶ 10.  The Complaint says nothing about the citizenship of these parties.

that removal is appropriate.  Mulcahey, 29 F.3d at 151 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)).  The removing defendant bears the burden of establishing that removal is appropriate.  Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 935 (S.D. W. Va. 1996) (Copenhaver, J.).   "If federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151.

Fraudulent joinder is an exception to the complete diversity requirement of Section 1332.  The fraudulent joinder doctrine allows a district court to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction.  Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).

A defendant is fraudulently joined if the plaintiff commits outright fraud in his pleadings or if there is no possibility of stating a claim against the resident defendant.  Id. at 464.  The burden to show fraudulent joinder is particularly heavy. Defendants must show that plaintiff cannot establish a claim against the non-diverse defendant even after resolving all issues of fact and law in plaintiff's favor.  Id.  The standard to be applied by the court is even more favorable to the plaintiff than the standard for granting motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Id. at 464, 466 (stating that a

-4-

"glimmer of hope" for relief against the non-diverse defendant is sufficient to defeat removal jurisdiction).   In making this determination, the court is not limited to the allegations of the pleadings, but may consider the entire record and determine the basis of the joinder "by any means available."   Id.

### III.   <u>Analysis</u>

A.   *Citizenship of Rick Meredith*

Before turning to the fraudulent joinder argument, the court addresses the threshold issue raised by Rick Meredith as to his citizenship.   "In determining citizenship, a person is a citizen of the state in which he is domiciled, meaning the state he considers his permanent home."   <u>Ward v. Walker</u>, 725 F. Supp. 2d 506 (D. Md. 2010).   The Complaint alleged that Rick Meredith was a resident of West Virginia and the Notice of Removal did not argue otherwise.   However, in an affidavit filed in this court on December 29, 2010, Meredith contends that while he resides in West Virginia and has done so since 2008 for purposes of his job, he does not intend to make West Virginia his permanent residence. Meredith's affidavit does not, however, indicate that he is a citizen of a state other than West Virginia.

As noted above, federal district courts may exercise diversity jurisdiction over civil actions only where the matter in controversy exceeds the sum or value of $75,000.00 and <u>is between citizens of different states</u>.   <u>See</u> 28 U.S.C.

-5-

§ 1332(a)(1) (emphasis added).  "The statute must be strictly construed."  Simmons v. Rosenberg, 572 F. Supp. 823, 824 (E.D.N.Y. 1983).  As such, in a diversity action, every party must be a citizen of a state.  See, e.g., Simmons, 572 F. Supp. at 824 ("[T]here is no diversity of citizenship under Section 1332(a)(1) or (2) where, as here, a party is a U.S. citizen [ ] without state citizenship.").  "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State."  Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc., 145 F.3d 660, 663 (4th Cir. 1998) (quoting Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) (emphasis in original)).  Furthermore, our appeals court has held that citizenship cannot be "inferred from allegations of mere residence, standing alone."  Id.[3]

In Simmons, a diversity action, the plaintiff merely alleged that she was an American citizen and "a citizen of a state other than the state of New York."  572 F. Supp. at 825.  Noting that "[d]iversity must be alleged with detail and certainty," the Simmons court dismissed the complaint for lack of subject matter

_____

[3] There is no question that, had it been filed in federal court, the Complaint would have been insufficient to establish the citizenship of the parties for purposes of diversity jurisdiction.  See, e.g., Realty Holding Co. v. Donaldson, 268 U.S. 398, 399 (1925) ("The bill alleges that . . . appellee [is] a 'resident' of Michigan.  This is not a sufficient allegation of appellee's Michigan citizenship.").

jurisdiction.  Id.  In so doing, the court stated that plaintiff's "vague allegation of alternative state residences will not suffice" and that "there is little presented on the record to establish with any certainty a state domicile."  Id.

As the party seeking removal, NSRC bears the burden of proving that removal was proper.  See Greer v. Crown Title Corp., 216 F. Supp.2d 519, 521 (D. Md. 2002) (citing Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)). Given the uncertainty surrounding Rick Meredith's citizenship, NSRC has failed to establish that this lawsuit is properly before this court.  The court will, nevertheless, consider NSRC's allegations that Meredith was fraudulently joined solely for the purposes of defeating diversity.

B.   Fraudulent Joinder

As to Rick Meredith, the Complaint makes the following allegations:

> 62.   At all relevant times, Defendant Rick Meredith served as a senior engineer and project manager of the HCCIP, and regularly controlled, inspected, planned, altered, supervised, directed and approved of the Big Sandy #3 tunnel expansion work performed by general contractors JWGC and JWC and their workers, including Larry Dale Hunt.

> 63.   At all relevant times, Defendant Rick Meredith had the duty to manage, plan, direct, engineer, supervise, inspect and approve of the Big Sandy #3 tunnel work in a manner which would protect Larry Dale Hunt from loose unsupported ground while Larry Dale Hunt was working under or adjacent to the remaining shoulders and/or remnants of the Big Sandy #3 tunnel roof arch and the duty to provide

-7-

Larry Dale Hunt with a reasonably safe place to work

64. Defendant Rick Meredith breached his duties by negligently managing, planning, directing, engineering, supervising, inspecting and approving of the Big Sandy #3 tunnel work in a manner which failed to protect Larry Dale Hunt from loose unsupported ground while Larry Dale Hunt was working under or adjacent to the remaining shoulders and/or remnants of the Big Sandy #3 tunnel roof arch in violation of approved safety standards and/or industry standards, and by failing to provide Larry Dale Hunt with a reasonably safe place to work.  Defendant Rick Meredith also breached other common law and statutory duties of care which proximately caused the death of Larry Dale Hunt.

Complaint ¶¶ 62-64.

NSRC argues that Rick Meredith was fraudulently joined because its contract with JWC, the general contractor on the Project, made JWC "solely responsible for the means, methods, sequences, procedures and techniques necessary to ensure a safe project work site."  NSRC's Memorandum in Opposition to Remand at p. 3.  According to NSRC, the Construction Management Agreement it signed with STV, and by which Rick Meredith was employed as a Construction Manager, made STV responsible for "monitoring construction to ensure that what is being constructed is consistent with the plans and specifications, that the required materials are being used, and to assist in assessing the level of completion of the work in determining the payment due to the contractors."  Id.  Because "no responsibility for project or worker safety was assigned to STV, or included within its scope

-8-

of work," NSRC contends that STV and Meredith were not responsible for Hunt's safety.  <u>Id.</u> at 4.

On its face, the Complaint states a claim against Rick Meredith.  NSRC, however, is asking this court to conclude that Rick Meredith had no duty to Hunt based upon the contracts that NSRC entered into with the various entities involved in the Heartland Corridor Project.  In resolving this issue, a court would be required to scrutinize the contracts at issue and weigh them against the facts of this case to determine that plaintiffs have no possibility of recovering against Mr. Meredith. Ultimately, NSRC wants this court to pretry the claims lodged against Meredith and it is relying on the contracts to provide a defense to those claims.  However, "a jurisdictional inquiry is not the appropriate stage of litigation to resolve these various uncertain questions of law and fact."  <u>Hartley v. CSX Transp., Inc.</u>, 187 F.3d 422, 425 (4th Cir. 1999).

In <u>Hartley</u>, the United States Court of Appeals for the Fourth Circuit concluded that the "district court erred by delv[ing] too far into the merits in deciding a jurisdictional question."  <u>Id.</u>  In so doing, the <u>Hartley</u> court opined:

> We cannot say, however, that Hartley has no chance of
> establishing the facts necessary to support her tort
> claims. . . . CSX contests these points and we are
> unable to resolve them with the snap of a finger at
> this state of the litigation.  Indeed, these are
> questions of fact that are ordinarily left to the state
> court jury.

-9-

In all events, a jurisdictional inquiry is not the appropriate stage of litigation to resolve these various uncertain questions of law and fact.  Allowing joinder of the public defendants is proper in this case because courts should minimize threshold litigation over jurisdiction.  <u>See</u> <u>Navarro Sav. Ass'n v. Lee</u>, 446 U.S. 458, 464 n.13, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980) ("Jurisdiction should be as self-regulated as breathing: . . . litigation over whether the case is in the right court is essentially a waste of time and resources." (internal quotation marks omitted)). Jurisdictional rules direct judicial traffic.  They function to steer litigation to the proper forum with a minimum of preliminary fuss.  The best way to advance this objective is to accept the parties joined on the face of the complaint unless joinder is clearly improper.  To permit extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdictional rules.

<u>Id.</u> at 425.  In conclusion, the court noted:

We cannot predict with certainty how a state court and state jury would resolve the legal issues and weigh the factual evidence in this case.  Hartley's claims may not succeed ultimately, but ultimate success is not required to defeat removal.  Rather, there need be only a slight possibility of a right to relief.  Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends.

<u>Id.</u> at 425-26 (internal citations omitted).

In the end, NSRC may be able to establish that Rick Meredith owed no duty to Hunt.  However, this court cannot come to such a conclusion without inappropriately delving into the merits of the case.  Accordingly, the court finds that there is at least "a glimmer of hope" that plaintiffs can recover against Meredith and, therefore, NSRC has failed to carry its burden of establishing the existence of diversity jurisdiction in this case.

## IV.  <u>Conclusion</u>

Because NSRC has not carried the onerous burden of demonstrating fraudulent joinder, the court concluded that it lacked jurisdiction over this matter.  Accordingly, plaintiffs' motion to remand was granted to the extent it sought remand. Because the court concluded that the propriety of removal of this action was subject to a fair dispute, <u>see</u> <u>Landmark Corp. v.</u> <u>Apogee Coal Co.</u>, 945 F. Supp. 932, 939-40 (S.D.W. Va. 1996)(Copenhaver, J.), the motion to remand was denied to the extent it sought attorney fees and costs.

The Clerk is further directed to send a copy of this Memorandum Opinion to all counsel of record, and to forward a certified copy of the same to the Clerk of the Circuit Court of McDowell County, West Virginia.

It is **SO ORDERED** this 10th day of May, 2011.

ENTER:

David A. Faber
Senior United States District Judge